THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NATHEN DWAYNE BAKER, | CASE NO. C21-0189-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On February 22, 2021, Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* (IFP) and recommended the Court review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 5.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a complaint must put

MINUTE ORDER
C21-0189-JCC
PAGE - 1

a defendant on notice of the wrong he or she committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

Plaintiff's complaint does not contain a short and plain statement of the claim showing he is entitled to relief. In the caption of his complaint, Plaintiff names "Washington State lig.," "Nordic Meseum," and "King Carl XVI Gustaf; father beings, of" as Defendants. (Dkt. No. 1 at 1.) At other points in the complaint, he identifies "Silvia of Sweden Queens," "Princess Victoria Scandi of," "Princess Carl Sons King for of," and "Princess Fan; China" as Defendants and "U.S. President Nathen Dwayne Baker.gov" as Plaintiff. (*Id.* at 2–3.) Plaintiff's complaint makes no factual allegations of conduct by the Defendants, nor does it identify the legal rights Plaintiff alleges were violated or the relief he seeks. (*See generally* Dkt. No. 1.) Attached to Plaintiff's complaint are several documents, including a handwritten document entitled "Pfizer Distributed by Pharmacia & Upjohn Company Division of Pfizer, Inc. April 2007 LAB-0128-21 Medication Guide for Non-Steroidal Anti-Inflammatory Drugs," (Dkt. No. 1 at 8), a handwritten document titled "Your Rights Regarding Your Protected Health Information," (*id.* at 12), and a visit summary from one of Plaintiff's medical appointments, (Dkt. No. 1-4). Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Accordingly, the Court ORDERS Plaintiff to file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must include a short and plain statement of the facts supporting each claim against each named Defendant, a basis for the Court's jurisdiction, the relief Plaintiff seeks, and a cognizable theory for that relief. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

1    DATED this 23rd day of February 2021.

William M. McCool<br>
Clerk of Court<br><br>
s/Paula McNabb<br>
Deputy Clerk